Michael S. **KELAITA,**
Claimant-Petitioner,

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent,**

**Triple A Machine Shop and Fireman's Fund Insurance Company, Party in Interest.**

No. 85–7114.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 12, 1985.

Decided Sept. 12, 1986.

Barry J. Williams, Airola, Williams & Dietrich, San Francisco, Cal., for claimant-petitioner.

Joshua T. Gillelan, Dept. of Labor, Washington, D.C., Albert Sennett, San Francisco, Cal., for respondent.

Before CHOY, SKOPIL, and SCHROEDER, Circuit Judges.

SKOPIL, Circuit Judge:

This is an appeal from a decision of the Benefits Review Board ("Board") affirming an Administrative Law Judge's ("ALJ") denial of an employee's claim under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901–950 (1982 and Supp.1983). We affirm.

## FACTS AND PROCEEDINGS BELOW

The claimant-appellant, Michael Kelaita, is a marine machinist. Kelaita worked as a steel lathe operator at Triple A Machine Shop ("Triple A") from 1970 until December 12, 1974 when he voluntarily quit. Six days after leaving Triple A, Kelaita began work as a marine machinist for General Engineering ("General"). At General, Kelaita also operated a steel lathe.

In 1976 Kelaita filed two claims for compensation under the LHWCA. In the first, he alleged cumulative trauma injury to his right shoulder suffered during employment at Triple A. The second claim alleged an identical injury during his employment at General. He characterizes his injury as an attritional rotator cuff tear. An ALJ denied both claims, finding Kelaita failed to prove he had suffered an injury or disability compensable under LHWCA.

Kelaita appealed his claim against Triple A to the Board. He did not pursue an appeal against General. The Board held that Kelaita had established the fact of his

injury. *Kelaita v. Triple A Machine Shop*, 13 BRBS 326, 332 (1981). The Board vacated and remanded for further findings on the issue of whether Kelaita had proven that working conditions existed at Triple A that could have caused his injury.

On remand, the ALJ concluded the working conditions at Triple A were capable of causing Kelaita's injury. The ALJ found, however, that the working conditions at General also could have caused Kelaita's injury and General therefore should be liable under the last responsible employer doctrine. Because General was no longer a party to the proceedings, the ALJ again denied Kelaita's claim for benefits. Kelaita again appealed to the Board which affirmed the ALJ's decision on remand. Kelaita appeals.

## DISCUSSION

■ The court of appeals reviews Board decisions for "errors of law and for adherence to the statutory standard governing the Board's review of the administrative law judge's factual determinations." *Bumble Bee Seafoods v. Director, Office of Workers' Compensation Programs*, 629 F.2d 1327, 1329 (9th Cir.1980) (footnotes omitted). Because the Board is not a policymaking agency, its interpretations of the LHWCA are entitled to no special deference. *Todd Shipyards Corporation v. Black*, 717 F.2d 1280, 1284 (9th Cir.1983), *cert. denied*, 466 U.S. 937, 104 S.Ct. 1910, 80 L.Ed.2d 459 (1984). This court will respect the Board's interpretation of the LHWCA, however, if the interpretation is reasonable and reflects the underlying policy of the statute. *National Steel & Shipbuilding Co. v. United States Department of Labor, Office of Workers' Compensation Programs*, 606 F.2d 875, 880 (9th Cir. 1979).

■ Kelaita argues that Triple A was precluded from asserting the last responsible employer defense on remand. The last responsible employer doctrine provides " 'the last employer in whose employment an employee was exposed to an injurious stimuli [is] liable for the full amount of the award with no apportionment of damages between successive employers.' " *Smith v. Aerojet-General Shipyards, Inc.*, 647 F.2d 518, 523 (5th Cir.1981) (quoting *United Brands Co. v. Melson*, 594 F.2d 1068, 1073 (5th Cir.1979)). *See also Cordero v. Triple A Machine Shop*, 580 F.2d 1331, 1336–37 (9th Cir.1978) (applying last responsible employer doctrine), *cert. denied*, 440 U.S. 911, 99 S.Ct. 1223, 59 L.Ed.2d 459 (1979).

■ Kelaita first argues that Triple A was required to cross-appeal pursuant to 20 C.F.R. § 802.205 (1985) in order to preserve its rights to assert the last responsible employer defense on remand.[1] The Board found, "the administrative law judge's original finding as to Triple A totally absolved it of liability. The administrative law judge made no potentially adverse finding against employer to serve as a basis of a cross-appeal." We agree with the Board that the potential of reversal on appeal does not constitute an adverse finding requiring Triple A to cross-appeal in order to preserve its last responsible employer defense on remand. The Board's interpretation of the regulation is reasonable. Triple A's defense was not foreclosed by its failure to cross-appeal.

■ Kelaita also argues that Triple A was precluded from asserting the last responsible employer defense because the original decision was res judicata regarding General. Kelaita argues that because the 1978 finding of no injury was not appealed as to General, it was final. We agree with the Board that res judicata does not preclude Triple A from asserting the last responsible employer defense. In the first appeal, the Board unequivocally stated, "the Decision and Order below is vacated...." Although appeal in the first deci-

---

1. 20 C.F.R. § 802.205 (1985) provides, in part: (b)(1) If a timely notice of appeal is filed by a party, any other party may initiate a cross-appeal [sic] or protective appeal....

    (2) When a decision or order is favorable to a party (i.e., the prevailing party), but contains findings of fact or conclusions of law, or both, which are adverse to him or her ... the prevailing party may file an appeal pursuant to paragraph (b) of this section to protect its right to challenge the adverse finding of fact or conclusions of law, or both, in the same proceeding.

sion before the ALJ was taken only as to the decision in favor of Triple A, the Board's decision to vacate necessarily affected the judgment regarding General. The ALJ's decision in favor of General has no preclusive effect. *Moitie v. Federated Department Stores, Inc.,* 611 F.2d 1267, 1269 (9th Cir.1980) *rev'd on other grounds,* 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). *See also Hill v. Western Electric Co.,* 672 F.2d 381, 387 (4th Cir.) *cert. denied,* 459 U.S. 981, 103 S.Ct. 318, 74 L.Ed.2d 294 (1982).

■ Kelaita argues that the last responsible employer rule is not a rule of substantive law. It is only designed to determine who will pay for claimant's disability. According to Kelaita, where there is no jurisdiction over a potentially liable subsequent employer, the rule should not defeat a worker's claim. Although we are sympathetic with Kelaita's situation, it would be unfair to adopt Kelaita's reasoning on this point. The lack of jurisdiction over General is the fault of neither General nor Triple A. General attempted to participate in the appeal, but Kelaita made it clear he was appealing only as to the decision regarding Triple A. Kelaita cannot now attempt to hold Triple A liable and deprive it of the last responsible employer defense when Kelaita himself decided to pursue his claim only against Triple A.

Kelaita also argues that the last responsible employer rule in this case was incorrectly applied. The rule is applied differently depending on whether a claimant's disability is characterized as an occupational disease or a two-injury case. The last responsible employer rule is applied to occupational disease cases as follows:

> [T]he employer during the last employment in which claimant was exposed to injurious stimuli, prior to the date upon which the claimant became aware of the fact that he was suffering from an occupational disease arising naturally out of his employment, should be liable for the full amount of the award.

*Travelers Insurance Co. v. Cardillo,* 225 F.2d 137, 145 (2d Cir.), *cert. denied,* 350 U.S. 913, 76 S.Ct. 196, 100 L.Ed. 800 (1955). *See also Cordero v. Triple A Machine Shop,* 580 F.2d at 1336–37. Liability attaches at "the time the claimant was made aware that his ailment was job-related and not the time that his health became impaired." *General Dynamics Corp., Electric Boat Div. v. Benefits Review Bd.,* 565 F.2d 208, 211 (2d Cir.1977). *Accord Cordero,* 580 F.2d at 1337.

The last responsible employer rule is applied to two-injury cases as follows:

> [I]f the disability ... resulted from the natural progression of [a prior] injury and would have occurred notwithstanding the [subsequent] injury, then the [prior] injury is compensible and accordingly, [the prior employer] is ... responsible.... If, on the other hand, the [subsequent] injury aggravated, accelerated or combined with claimant's prior injury, thus resulting in claimant's disability, then the [subsequent] injury is the compensible injury, and [the subsequent employer] is ... responsible....

*Crawford v. Equitable Shipyards, Inc.,* 11 BRBS 646, 649–50 (1979) (citations omitted), *aff'd sub nom. Employers National Ins. Co. v. Equitable Shipyards,* 640 F.2d 383 (5th Cir.1981); *see also Mulligan v. Haughton Elevator,* 12 BRBS 99, 103 (1980) (applying rule as stated in *Crawford*). The key under this formulation is determining which injury ultimately resulted in the claimant's disability.

The Department of Labor contends that cumulative trauma cases are more akin to occupational disease cases and should be governed by similar rules. If the Board had applied the occupational disease formulation rather than the two-injury formulation, Triple A would be liable because Kelaita first became disabled while employed at Triple A. Alternately, there would at least be a question of fact regarding when Kelaita became aware of his injury.

■ In analogizing Kelaita's case to a two-injury situation, the ALJ reasoned that Kelaita's disability resulted from continued use of his arm. Each flare-up of pain

represented cumulative trauma and aggravated the underlying injury. Because Kelaita suffered flare-ups at both Triple A and General, each incident represented an aggravation of the underlying injury and was therefore itself a compensible injury. Because General was the employer during the most recent aggravation, the ALJ reasoned it should be held liable for the entire disability.

The ALJ's analysis is supported by substantial evidence and caselaw. Application of the rule as applied to two-injury cases is reasonable. *See Crawford v. Equitable Shipyards,* 11 BRBS 646 (1979); *Mulligan,* 12 BRBS at 101; *Lindsay v. Owens-Cornings Fiberglass Sales,* 13 BRBS 922, 927 (1981) (Board refused to extend last responsible employer rule as formulated in occupational disease cases to an orthopedic impairment); *Todd Shipyards Corporation v. Black,* 717 F.2d 1280 (9th Cir.1983) (pulmonary disease-occupational disease); *Sun Shipbuilding & Dry Dock Corp. v. McCabe,* 593 F.2d 234 (3d Cir.1979) (occupational disease-hearing loss); *Cordero,* 580 F.2d at 1331 (pulmonary disease-occupational disease).

■ Finally, Kelaita argues the ALJ's finding that working conditions at General aggravated Kelaita's injury is not supported by substantial evidence. Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Universal Camera Corporation v. NLRB,* 340 U.S. 474, 477, 71 S.Ct. 456, 459, 95 L.Ed. 456 (1951).

In his decision on remand, the ALJ listed several evidentiary factors that led him to conclude that working conditions at General could have aggravated or contributed to Kelaita's shoulder injury. The work at General involved activities similar to those performed at Triple A, Kelaita's continued work at General had a negative impact on his pain, some of Kelaita's pain flare-ups at General were related to his work. From all the evidence, the ALJ reasonably inferred

that the work at General was not significantly different from the work at Triple A, that Kelaita was required to use his right arm in his work at General, and that the work at General could have aggravated and contributed to Kelaita's injury resulting in his painful flare-ups. Our independent review of the record indicates that the ALJ's inferences and conclusions were supported by substantial evidence.

Triple A was not required to file a cross-appeal or protective appeal against General in order to preserve the last responsible employer defense. The defense was not barred by res judicata. The ALJ correctly applied the last responsible employer doctrine to the facts of this case and his findings that working conditions existed at General that could have aggravated Kelaita's injury is supported by substantial evidence.

The decision and order of the Benefits Review Board is AFFIRMED.