**BRADY–HAMILTON STEVEDORE COMPANY; Manhattan Re–Insurance Company, Petitioners,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS; Henry J. Anderson, Respondents.**

No. 93–70616.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 11, 1995.

Decided June 20, 1995.

John Dudrey, Williams, Fredrickson & Stark, Portland, OR, for petitioners.

Charles Robinowitz, Portland, OR, for claimant-respondent.

Joshua T. Gillelan, II and Karen B. Kravoc, U.S. Dept. of Labor, Washington, DC, for respondent Director, Office of Workers' Compensation Programs.

Before: PREGERSON, TROTT, Circuit Judges, and FITZGERALD,* District Judge.

FITZGERALD, Senior District Judge:

Brady–Hamilton Stevedore Company and Manhattan Re–Insurance Company ("Brady–Hamilton") petition for review of a decision and order of the Benefits Review Board ("Board") affirming an administrative law judge's ("ALJ") award of disability benefits to Henry Anderson pursuant to the Longshore and Harbor Workers' Compensation Act, ("LHWCA") as amended, 33 U.S.C. § 901 et seq., for back injuries sustained while working for Brady–Hamilton as a longshoreman.

We have jurisdiction under 33 U.S.C. § 921(c), and we reverse.

## BACKGROUND

Henry Anderson began working as a longshoreman in 1950. In 1977 he suffered a back injury while working for Portland Stevedoring. Anderson's claim against Portland Stevedoring resulted in an award of $145 per week for permanent partial disability based on his then average weekly wage of $435.93 under the terms of the LHWCA.

On September 4, 1982, Anderson fell on the deck of a wheat ship at the port of Longview, Washington, and injured his back and right leg. Anderson was then employed by Brady–Hamilton Stevedore Company against whom he filed a claim for compensation benefits under the LHWCA. A full hearing was held February 26 and 28, 1985, before an ALJ as provided by section 19(c) of the LHWCA, 33 U.S.C. § 919(c). In his July 30, 1986 decision, the ALJ found that Anderson was entitled to compensation for temporary total disability from September 5, 1982, through February 23, 1983, and for permanent total disability thereafter based on an average weekly wage of $674.72.

Both Anderson and Brady–Hamilton appealed the decision of the ALJ to the Benefits Review Board under section 21(b)(3) of the LHWCA, 33 U.S.C. § 921(b)(3). On May 21, 1993, the Board affirmed both the ALJ's finding of total disability and the computation of Anderson's average weekly wage. Brady–Hamilton brings this appeal, claiming alternatively, that the Board erred in upholding the ALJ by misreading controlling authorities; that Anderson's wage earning capacity had not increased between his 1977 and 1982 back injuries; that the Board had no authority to make this determination; and, that Anderson's actual earnings before the second injury should control his award of benefits.

---

* The Honorable James M. Fitzgerald, Senior U.S. District Judge for the District of Alaska, sitting by designation.

## STANDARD OF REVIEW

In reviewing claims brought pursuant to the LHWCA, the Board "may not substitute its views for those of the ALJ, but instead must accept the ALJ's findings unless they are contrary to the law, irrational, or unsupported by substantial evidence." *King v. Director, Office of Workers' Compensation Programs,* 904 F.2d 17, 18 (9th Cir. 1990) (quotations and internal citations omitted). We, in turn, "review the Board's decision for errors of law and adherence to the substantial evidence standard, and may affirm on any basis contained in the record." *Cretan v. Bethlehem Steel Corp.,* 1 F.3d 843, 845 (9th Cir.1993) (internal quotations and citations omitted), *cert. denied,* —— U.S. ——, 114 S.Ct. 2705, 129 L.Ed.2d 833 (1994).

## DISCUSSION

Under the LHWCA, disability compensation is determined by computing two-thirds of the worker's "average weekly wage" before the injury and factoring in the worker's "wage earning capacity" thereafter. 33 U.S.C. § 908. The Act provides several formulas for the ALJ to determine the "average weekly wage" of the employee at the time of the injury. 33 U.S.C. § 910. The principal factor is, of course, the salary earned by the claimant prior to the injury. However, the projected loss of earnings may be inaccurate because factors like inflation and a change of wage rates or benefits may bear upon the amount of earnings lost. Where a worker is injured for the second time, any award made for the first injury should be disregarded if more reliable information concerning the worker's earning capacity has become available.

In *Hastings v. Earth Satellite Corp.,* 628 F.2d 85 (D.C.Cir.), *cert. denied,* 449 U.S. 905, 101 S.Ct. 281, 66 L.Ed.2d 137 (1980), the D.C. Circuit held that under the LHWCA, a worker's earning capacity at the time of the second injury must be used in computing the total disability award for that injury. The ALJ followed *Hastings,* and the Board affirmed, determining that in the twelve month period prior to his 1982 injury Anderson's earnings totaled $35,085 or $674.72 per week.

33 U.S.C. § 910(c). We agree with the methodology used in making this computation.

The more difficult problem is that Anderson's 1977 injury and award of permanent partial disability when added to his 1982 award for his permanent total disability, exceeds the statutory limits set by 33 U.S.C. § 908(a). The ALJ recognized that it is inconsistent to allow a permanent partial disability from an initial injury and then allow a permanent total disability from a second injury so that the aggregate exceeds the statutory limit. Consequently, the ALJ held that since the 1982 injury was not a separate and distinct injury but an aggravation of a pre-existing injury, the claimant is not entitled to retain his permanent partial disability concurrently.

Unfortunately, the ALJ did not vacate the permanent partial disability award. When the Board examined this issue it determined that permanent partial and permanent total disability awards are not permitted in cases where the claimant is shown to have an increase in wage earning capacity following the first injury. Applying *Hastings,* the Board declined to hold that a claimant's increased wages at the time of a second injury requires a finding that the claimant's loss of wage earning capacity decreased following the initial injury. Moreover, the Board disagreed with a conclusion of the ALJ and found that a concurrent award of permanent total disability may be based on an aggravation of the same condition that was previously awarded permanent partial disability benefits.

Courts have upheld combining permanent partial disability benefits with permanent total disability benefits. *Hastings,* 628 F.2d at 91; *see also ITO Corp. v. Director, Office of Workers' Compensation Programs,* 883 F.2d 422, 426–27 (5th Cir.1989). We do not disagree with this principle where it is warranted. The central problem in this case is that the combined benefits of permanent partial disability and permanent total disability exceed the statutory limit of 33 U.S.C. § 908(a). Brady–Hamilton contends that this amounts to excessive "double-dipping" and we agree.

In *Crum v. General Adjustment Bureau,* 738 F.2d 474, 480 (D.C.Cir.1984), the court

upheld an award of fifteen percent for partial permanent disability for a neck injury and a later total permanent disability award for angina. The Board adjusted the total permanent disability award to account for the fifteen percent partial disability award so that the total compensation did not exceed the statutory limit.

In this case, the ALJ did not address whether Anderson's ability to earn a higher wage increased during the period between his injuries. The Board found that the record indicated that Anderson's higher wages were a result of an increase in wage rates under a labor agreement. In short, the Board made its own finding of fact on the cause of Anderson's higher earnings. In making this finding the Board conflicts with our holding in *Director, Office of Workers' Compensation Programs v. Cargill,* 718 F.2d 886 (9th Cir.1983), in which we remanded after noting that the Board improperly decided an issue not considered by the ALJ.

It is unfortunate that the administrative proceedings in this case have taken years to resolve, yet we conclude that we must remand this case to the Board with the instruction that the matter be directed to the ALJ to determine the cause of Anderson's increased earnings and make whatever adjustments necessary to insure that the combined disability award does not exceed the statutory limit mandated by Congress.

VACATED and REMANDED.