127 F.3d 1104
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
EAGLE PACIFIC INSURANCE COMPANY, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS;
Industrial Indemnity Company; Wayne T. Mooney, Respondents.
 No. 96-70945.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997.**
Decided Oct. 24, 1997.
 
 Petition for Review of an Order of the Benefits Review Board; No. 95-0947.
 Before: THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Eagle Pacific Insurance Company ("Eagle") petitions for review of an affirmance by the Department of Labor Benefits Review Board ("Board") of the Administrative Law Judge's ("ALJ") order imposing upon Eagle liability for disability benefits to Wayne T. Mooney under the Longshore and Harbor Workers Compensation Act, 33 U.S.C. § 901 (1986).[1]
 
 
 3
 We have jurisdiction under 33 U.S.C. § 921(c). We review for substantial evidence and errors of law, see Brady-Hamilton Stevedore Co. v. Director, OWCP, 58 F.3d 419, 421 (9th Cir.1995), and we deny the petition.
 
 
 4
 The ALJ's determination that the two-injury test of the last employer rule applies to impose liability upon Eagle is supported by substantial evidence and is in accord with the law. See Foundation Constructors, Inc. v. Director, OWCP, 950 F.2d 621, 623-24 (9th Cir.1991) (where subsequent injury aggravated, accelerated or combined with prior injury, last responsible employer is liable for all compensation due claimant). Thus, the ALJ did not err by holding Eagle liable for both injuries without adjudicating the two claims separately. See id.
 
 
 5
 The ALJ's determination that Mooney's actual earnings at the time of the second injury fairly and reasonably represented his wage-earning capacity is supported by substantial evidence and is in accord with the law. See 33 U.S.C. § 908(h), 910(a) (1986); Long v. Director, OWCP, 767 F.2d 1578, 1582-83 (9th Cir.1985). The ALJ's determination as to Mooney's wage-earning capacity after the second injury is substantially supported by the testimony of claimant's vocational witness, Kent Shafer. See 33 U.S.C. § 908(c)(21) (1986) (calculating permanent partial disability); see also Brady-Hamilton, 58 F.3d at 421.[2]
 
 
 6
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because the petition for review of the ALJ's decision was pending before the Board for more than one year on September 12, 1996, it was considered affirmed and treated as the final order of the Board pursuant to Public Law 104-134
 
 
 [2]
 We have considered petitioner's remaining contentions and find they are without merit