134 F.3d 377
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John T. HARRIS, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS;
Department of the Army AFZH/CPN; Alexsis, Inc.,
Respondents.
 No. 96-70938.
 United States Court of Appeals, Ninth Circuit.
 Submitted January 12, 1998.**
Decided Jan. 16, 1998.
 
 Petition for Review of an Order of the Benefits Review Board, No. 95-1098.
 Before: BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John T. Harris petitions pro se for review of an affirmance by the Department of Labor Benefits Review Board ("Board") of the Administrative Law Judge's (ALJ) denial of Harris's motion to reopen a settlement agreement.[1] We have jurisdiction pursuant to 33 U.S.C. 921(c).[2] We review for substantial evidence and errors of law, see Brady-Hamilton Stevedore Co. v. Director, OWCP, 58 F.3d 419, 421 (9th Cir.1995), and we deny the petition for review.
 
 
 3
 After Harris was injured on-the-job while managing a noncommissioned officers' club, he filed a workers' compensation claim. Harris and respondents (the Army and the Army's insurance carrier) eventually settled the claim for $5,000, pursuant to section 8(i) of the Longshore and Harbor Workers' Compensation Act. See 33 U.S.C. § 908(i); Inqalls Shipbuilding, Inc. v. Director, OWCP, 117 S.Ct. 796, 804 (1997). Two months later, Harris filed a request to reopen and set aside the settlement.
 
 
 4
 Harris argued that he was misled and defrauded regarding respondent's liability for past physical therapy treatments totalling $3,176.12. The record, however, indicates that, prior to the first settlement agreement, respondents notified Harris's attorney that it would not pay for physical therapy treatments that Harris received after controversion. In addition, Harris failed to produce evidence to support his allegations of fraud. Thus, the ALJ's determination that Harris failed to allege and prove facts sufficient to justify setting aside the settlement agreement.is supported by substantial evidence and is in accord with the law. See Brady-Hamilton Stevedore Co., 58 F.3d at 421.
 
 
 5
 Because Harris has no constitutional right to counsel, we reject his contention that the ALJ violated his right to due process by allowing his attorney to withdraw. See United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir.1996).
 
 
 6
 Harris's informal motion, received on May 29, 1997, is granted. The clerk shall file Harris's exhibits, received on February 25, 1997.
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because Harris's appeal of the ALJ's denial was pending before the Board for more than one year on September 12, 1996, the ALJ's decision became the final agency decision. See Pub.L. No. 104-134, 110 Stat. 1321 (1996). Thus we review the ALJ's decision. See Jones Stevedoring Co. v. Director, OWCP, No 96-70984, slip op. 15021, 15030 (9th Cir. Dec. 31, 1997)
 
 
 [2]
 For the reasons stated in the Board's order issued on June 20, 1995, we disagree with respondents' contention that we lack jurisdiction because Harris's petition was untimely