134 F.3d 377
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert DELAY, Petitioner,
v.
DIRECTOR, Office of Workers' Compensation Programs;
Respondent, Stevedoring Services of America;
Eagle Pacific Insurance Company,
Respondents-Intervenors.
 No. 96-70865.
 United States Court of Appeals, Ninth Circuit.
 Submitted January 12, 1998**
Decided January 16, 1998.
 
 Petition for Review of an Order of the Benefits Review Board.
 Before: BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert Delay petitions pro se for review of an affirmance by the Department of Labor Benefits Review Board ("Board") of the Administrative Law Judge's (ALJ) denial of Delay's application for disability benefits under the Longshore and Harbor Workers Compensation Act, 33 U.S.C. §§ 901-950.[1] We have jurisdiction pursuant to 33 U.S.C. 921(c). We review for substantial evidence and errors of law, see Brady-Hamilton Stevedore Co. v. Director, OWCP, 58 F.3d 419, 421 (9th Cir.1995), and we deny the petition for review.
 
 
 3
 Delay contends that substantial evidence did not support the ALJ's findings (1) that Delay achieved maximum medical improvement on May 1, 1992, and was no longer entitled to receive disability benefits and (2) that respondent's were not liable for Delay's past and future medical expenses. We disagree.
 
 
 4
 Since being injured, Delay has seen at least ten doctors, the majority of whom found no objective neurologic abnormality. Rather, the doctors, rehabilitation and occupational medicine specialists, and vocational experts, repeatedly diagnosed musculoskeletal low-back pain, but no other physical impairment preventing Delay's return to work. The ALJ properly provided clear and convincing reasons for disregarding the opinions of the two physicians who recommended further tests and treatments. See Flaten v. Secretary, Health & Human Servs., 44 F.3d 1453, 1463-64 (9th Cir.1995).
 
 
 5
 The evidence and testimony overwhelmingly supports the ALJ's finding that Delay reached maximum medical improvement and recovered from his temporary disability on or about May 1, 1992. Consequently, Delay is not entitled to permanent disability benefits, see 33 U.S.C. § 902(10), or payment of his medical expenses after May 1, 1992, see 33 U.S.C. §§ 907(a) and 908(b). Accordingly, substantial evidence supports the ALJ's findings. See Brady-Hamilton Stevedore Co., 58 F.3d at 421.
 
 
 6
 We will not consider Delay's other contentions which he failed to raise before the ALJ because Delay has not demonstrated exceptional circumstances. See Duncanson-Harrelson Co. v. Director, OWCP, 655 F.2d 827, 832 (9th Cir.1981).
 
 PETITION FOR REVIEW DENIED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because Delay's appeal of the ALJ's denial was pending before the Board for more than one year on September 12, 1996, the ALJ's decision became the final agency decision. See Pub.L. No. 104-134, 110 Stat. 1321 (1996). Thus we review the ALJ's decision. See Jones Stevedoring Co. v. Director, OWCP, No 96-70984, slip op. 15021, 15030 (9th Cir. Dec. 31, 1997)
 
 
 [2]
 To the extent Delay appeals the ALJ's admission of the videotape, we note that he did not object at the hearing and has waived this issue on appeal. See Marbled Murrelet v. Babbit, 83 F.3d 1060, 1066 (9th Cir.1996), cert. denied, 117 S.Ct. 942 (1997)