141 F.3d 1176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert W. JOHNSON, Petitioner,
v.
Director, Office of Workers' Compensation Programs; Tacoma
Boatbuilding Company; Marine Office of America
Corporation, Respondents.
 No. 96-70940.
 BRB No. 84-1648.
 United States Court of Appeals, Ninth Circuit.
 Submitted Mar. 10, 1998**.
Decided Mar. 17, 1998.
 
 Petition for Review of an Order of the Benefits Review Board.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert W. Johnson petitions for review of an affirmance by the Department of Labor Benefits Review Board ("Board") of the Administrative Law Judge's ("ALJ") denial of permanent disability benefits under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901-950.[1] We have jurisdiction pursuant to 33 U.S.C. § 921(c). We review for errors of law and adherence to the substantial evidence standard, see Brady-Hamilton Stevedore Co. v. Director, OWCP, 58 F.3d 419, 421 (9th Cir.1995), and we deny the petition for review.
 
 
 3
 Substantial evidence supports the ALJ's determination that Johnson was not permanently disabled and was able to return to his former employment as a shipfitter. See Lockheed Shipbuilding v. Director, OWCP, 951 F.2d 1143, 1144-45 (9th Cir.1991) (noting that substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion").
 
 
 4
 The ALJ properly relied on the physical restrictions set by Dr. Nichols and disregarded Dr. Bridgeford's opinion. See Walker v. Rothschild Int'l Stevedoring Co., 526 F.2d 1137, 1139-40 (9th Cir.1975) (holding that, where there is a conflict in the medical testimony, the ALJ is not bound to accept the opinion of any medical examiner). Because Johnson did not prove that his work-related injury prevented him from performing his former job, he failed to make out a prima facie case and the burden never shifted to the employer to show there were available jobs Johnson could perform. See Bumble Bee Seafoods v. Director, OWCP, 629 F.2d 1327, 1329 (9th Cir.1980).
 
 
 5
 The ALJ's decision that Johnson refused to cooperate with his vocational provider does not "conflict with the clear preponderance of the evidence," and is not "inherently incredible or patently unreasonable." See Todd Pacific Shipyards v. Director, OWCP, 914 F.2d 1317, 1321 (9th Cir.1990) (internal quotation omitted); see also Johnson v. Director, OWCP, 911 F.2d 247, 251 (9th Cir.1990).
 
 
 6
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because petitioner's appeal of the ALJ's denial was pending before the Board for more than one year on September 12, 1996, the ALJ's decision became the final agency decision. See Pub.L. No. 104-134, 110 Stat. 1321 (1996). Thus we review the ALJ's decision. See Jones Stevedoring Co. v. Director, OWCP, 133 F.3d 683, 687 (9th Cir.1997)