141 F.3d 1176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
JONES STEVEDORING CO., Petitioner,
v.
Roy NICKSON; Director, Office of Workers' Compensation
Programs, Respondents.
 No. 96-71012.
 BRB No. 95-1524.
 United States Court of Appeals, Ninth Circuit.
 Submitted Mar. 10, 1998**.
Decided Mar. 17, 1998.
 
 Petition for Review of an Order of the Benefits Review Board.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jones Stevedoring Company ("Jones") petitions for review of an affirmance by the Department of Labor Benefits Review Board ("Board") of the Administrative Law Judge's ("ALJ") award of permanent disability benefits to Roy Nickson under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901-950.[1] We have jurisdiction pursuant to 33 U.S.C. § 921(c). We review for errors of law and adherence to the substantial evidence standard, see Brady-Hamilton Stevedore Co. v. Director, OWCP, 58 F.3d 419, 421 (9th Cir.1995), and we deny the petition for review.
 
 
 3
 Substantial evidence supports the ALJ's determination that, until February 20, 1992, when his physician told him he would be unable to return to work, Nickson failed to realize the "full character, extent, and impact" of his May 12, 1988 injury and the resulting impairment of his earning power. Abel v. Director, OWCP, 932 F.2d 819, 821 (9th Cir.1991) (quoting Todd Shipyards v. Allan, 666 F.2d 399, 401-02 (9th Cir.1982)).[2] Accordingly, Nickson's claim was not time-barred under 33 U.S.C. § 913(a).
 
 
 4
 Substantial evidence also supports the ALJ's determination that Nickson's lymphatic and venous systems were compromised as a result of his industrial injury and Nickson was permanently and totally disabled as of February 20, 1992. The ALJ properly provided clear and convincing reasons for disregarding the opinions of Jones' witnesses. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir.1995).
 
 
 5
 We grant Nickson's request for attorneys' fees and refer this matter to the Appellate Commissioner for determination of the proper amount. See 33 U.S.C. § 928(a); Ford Aerospace and Communications Co. v. Director, 684 F.2d 640, 642-43 (9th Cir.1982).
 
 
 6
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because Jones' appeal of the ALJ's award was pending before the Board for more than one year on September 12, 1996, the ALJ's decision became the final agency decision. See Pub.L. No. 104-134, 110 Stat. 1321 (1996). Thus we review the ALJ's decision. See Jones Stevedoring Co. v. Director, OWCP, 133 F.3d 683, 687 (9th Cir.1997)
 
 
 [2]
 The fact that Nickson's physician never misdiagnosed or misinformed Nickson is not determinative. See Abel, 932 F.2d at 822 (citing J.M. Martinac Shipbuilding v. Director, OWCP, 900 F.2d 180, 184 (9th Cir.1990)) (concluding that requiring a misdiagnosis in order to toll the statute of limitations would circumvent the public policy of encouraging workers to return to work and discouraging premature claims of permanent disability)