142 F.3d 445
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
STATE COMPENSATION INSURANCE FUND, carrier and DeMaria
Electric, employer, Petitioners,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS; Thomas
Riedl, Respondents.
 No. 96-71043.
 BRB No. 94-2337.
 United States Court of Appeals,
Ninth Circuit.
 Submitted April 20, 1998.**
Decided April 23, 1998.
 
 Petition for Review of an Order of the Benefits Review Board.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The State Compensation Insurance Fund petitions for review of an affirmance by the Department of Labor Benefits Review Board ("Board") of the Administrative Law Judge's ("ALJ") award of permanent disability benefits to Thomas Riedl under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901-950.[1] We have jurisdiction pursuant to 33 U.S.C. § 921(c). We review for errors of law and adherence to the substantial evidence standard, see Brady-Hamilton Stevedore Co. v. Director, OWCP, 58 F.3d 419, 421 (9th Cir.1995), and we deny the petition for review.
 
 
 3
 The ALJ properly relied on Riedl's testimony. See Todd Pacific Shipyards v. Director, OWCP, 914 F.2d 1317, 1321 (9th Cir.1990) (noting that this court will interfere with an ALJ's credibility determinations only if they "conflict with the clear preponderance of the evidence, or where the determinations are inherently incredible or patently unreasonable") (quoting Cordero v. Triple A Machine Shop, 580 F.2d 1331, 1335 (9th Cir.1978).
 
 
 4
 The ALJ did not abuse his discretion by not allowing previously undisclosed witnesses or evidence, or by allowing Dr. Nelson to testify as to his most recent examination of Riedl. See 20 C.F.R. § 702.338 (procedures are "in the discretion of the administrative law judge and of such nature as to afford the parties a reasonable opportunity for a fair hearing"); Todd Shipyards Corp. v. Director, OWCP, 545 F.2d 1176, 1179 (9th Cir.1976) (finding that administrative law judge properly exercised his discretion by excluding evidence submitted ex parte without notice to opposing counsel).
 
 
 5
 In finding that Riedl could not read or do math adequately to work as a cashier, the ALJ pointed to relevant evidence which reasonably supported his conclusion. See Lockheed Shipbuilding v. Director, OWCP, 951 F.2d 1143, 1145 (9th Cir.1991) (noting that substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion") (citations omitted). As he was "not bound to accept the opinion or theory of any particular [witness]", Walker v. Rothschild Int'l Stevedoring Co., 526 F.2d 1137, 1140 (9th Cir.1975) (per curiam) (citations omitted), the ALJ properly "rel[ied] upon his own observation and judgment in conjunction with all the evidence before him," Crescent Wharf & Warehouse Co. v. Cyr, 200 F.2d 633, 637 (9th Cir.1952).
 
 
 6
 We grant Riedl's request for attorneys' fees and refer this matter to the Appellate Commissioner for determination of the proper amount. See 33 U.S.C. § 928(a); Ford Aerospace and Communications Co. v. Director, OWCP, 684 F.2d 640, 642-43 (9th Cir.1982).
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because petitioners' appeal of the ALJ's award was pending before the Board for more than one year on September 12, 1996, the ALJ's decision became the final agency decision. See Pub.L. No. 104-134, 110 Stat. 1321 (1996). Thus we review the ALJ's decision. See Jones Stevedoring Co. v. Director, OWCP, 133 F.3d 683, 687 (9th Cir.1997)