142 F.3d 445
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vincent P. TOBIAS, Petitioner,
v.
MARINE CORPS EXCHANGE; Alexsis Risk Management; Director,
Office of Workers' Compensation Programs, Respondents.
 No. 96-70864.
 BRB No. 93-1041.
 United States Court of Appeals,
Ninth Circuit.
 Submitted April 20, 1998.**
Decided April 23, 1998.
 
 Petition for Review of an Order of the Benefits Review Board.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Vincent P. Tobias petitions pro se for review of an affirmance by the Department of Labor Benefits Review Board ("Board") of the Administrative Law Judge's ("ALJ") denial of disability benefits under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901-950, as extended by the Nonappropriated Fund Instrumentalities Act, 5 U.S.C. §§ 8171-8193. We have jurisdiction pursuant to 33 U.S.C. § 921(c). We review for errors of law and adherence to the substantial evidence standard, see Brady-Hamilton Stevedore Co. v. Director, OWCP, 58 F.3d 419, 421 (9th Cir.1995), and we deny the petition for review.
 
 
 3
 Substantial evidence supports the ALJ's determination that Tobias was not disabled and was able to work as an accounting technician. See Lockheed Shipbuilding v. Director, OWCP, 951 F.2d 1143, 1144-45 (9th Cir.1991) (noting that substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"). The ALJ properly relied on the medical opinions of Drs. London and Swann in determining there was no physical injury or compensable psychiatric injury, See Walker v. Rothschild Int'l Stevedoring Co., 526 F.2d 1137, 1139-40 (9th Cir.1975) (holding that, where there is a conflict in the medical testimony, the ALJ is not bound to accept the opinion of any medical examiner).
 
 
 4
 Substantial evidence also supports the ALJ's determination that Tobias's employer did not discharge him because he brought a claim for compensation. See 33 U.S.C. § 948a. The evidence showed that employer terminated Tobias because of its policy prohibiting leave without pay in excess of one year.
 
 
 5
 Tobias's motion, received on June 5, 1997, to supplement the record and supplement his excerpt of record is granted. The clerk shall file the previously lodged documents.
 
 
 6
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3