INTERNATIONAL TRANSPORTATION SERVICES, Employer; Reliance National Insurance Company, Workers' Compensation Insurance Carrier; Petitioners,

Ronald Buchanan, Claimant,

v.

KAISER PERMANENTE HOSPITAL, INC.; Director, Office of Workers Compensation Programs, Respondents.

No. 99–70631.

Agency Nos. BRB–98–0973 BRB–98–0873A.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2001.

Decided Feb. 26, 2001.

---

9. *See McLaughlin v. Richmond Shoe,* 486 U.S. 128, 133, 135 n. 13, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988).

10. *See* 29 U.S.C. § 255(a).

11. ER 317.

12. *Id.*

13. *Id.*

Before FERGUSON, TASHIMA and FISHER, Circuit Judges.

## MEMORANDUM *

International Transportation Services petitions for review of the Benefits Review Board's affirmance of the administrative law judge's decision finding ITS liable to Kaiser Permanante for medical services provided to Ronald Buchanan pursuant to the Longshore and Harbor Workers' Compensation Act. ITS also challenges the award of attorney's fees to Kaiser. We have jurisdiction under 33 U.S.C. § 921 and deny the petition to review.

It is undisputed that Buchanan suffered an injury compensable under the Act. Rather, the disputed issue is which employer should be held liable for the costs associated with Buchanan's disability, which included his surgery at Kaiser: (1) Metropolitan, where Buchanan began experiencing pain in his low back, buttocks and left leg as he moved container locking cones on December 31, 1993; or (2) ITS, where Buchanan worked on January 2, 1994, and began to experience increasingly severe pain.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Under the "last employer" or "aggravation" rule set forth in *Foundation Constructors, Inc. v. Director, OWCP,* 950 F.2d 621, 624 (9th Cir.1991), the last employer to expose a covered employee to injury is responsible for all the compensation due as a result of the employee's disability. If an injury at a second employer aggravates, accelerates or combines with an employee's prior injury, the second employer is responsible for the entire disability. *Id.* citing *Kelaita v. Director, OWCP,* 799 F.2d 1308, 1311 (9th Cir.1986).

We review the ALJ's decision to determine whether his factual findings are supported by "substantial evidence" and to correct any errors of law. *Brady–Hamilton Stevedore Co. v. Director, OWCP,* 58 F.3d 419, 421 (9th Cir.1995). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Lockheed Shipbuilding v. Director, Office of Workers Compensation Programs,* 951 F.2d 1143, 1144 (9th Cir.1991). The ALJ is entitled to determine the credibility of the witnesses, to weigh the evidence, draw his own inferences and is not bound to accept the opinion or theory of any particular medical examiner. *Banks v. Chicago Grain Trimmers Ass'n, Inc.,* 390 U.S. 459, 467, 88 S.Ct. 1140, 20 L.Ed.2d 30(1968).

The ALJ's finding that Buchanan's work at ITS aggravated the injury he sustained at Metropolitan is supported by substantial evidence. Specifically, the medical evidence provided by Drs. Miller and Capen supports the finding of aggravation. Further, the medical evidence is corroborated by Buchanan's own testimony that his work at ITS was more strenuous than his work at Metropolitan, and that his pain subsided with rest after his work at Metropolitan, but not after his work at ITS. The ALJ was not bound to credit Dr. London's testimony that Buchanan's disability resulted solely from his work at Metropolitan, because Dr. London did not account for the documented progression of Buchanan's pain.

Accordingly, ITS is liable for the medical costs associated with Buchanan's injury under the well-settled "last-employer" rule. Further, Kaiser is entitled to attorneys' fees under *Hunt v. Director, OWCP,* 999 F.2d 419 (9th Cir.1993). Therefore, ITS's petition for review is denied.

AFFIRMED.