**MARINE TERMINALS CORPORA-TION; Majestic Insurance Company, Petitioners,**

v.

**HALL–BUCK MARINE, INC.; Aig Claim Services, Inc.; F.A. Richard & Associates; Ivan Kuhnhausen; Director, Office of Workers' Compensation Programs, Respondents.**

No. 00–70657.
OWCP No. 14–123025.
BRB No. 99–07882.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 13, 2001.

Decided Sept. 19, 2001.

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Before THOMPSON, TASHIMA, and GRABER, Circuit Judges.

MEMORANDUM *

This is a dispute among three employers about which of them should compensate an injured employee under the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. §§ 901–950. The administrative law judge (ALJ) shifted responsibility for Claimant's third and fourth surgeries from his original employer, Hall–Buck/self insured, to another employer, Marine Terminals Corporation (MTC), under the "aggravation" or "two-injury" rule. *See Kelaita v. Dir., OWCP*, 799 F.2d 1308, 1311 (9th Cir.1986) (explaining the two-injury rule).

■ MTC appealed to the Benefits Review Board (BRB). "In LHWCA proceedings, the [BRB] must accept the ALJ's findings unless they are contrary to law, irrational, or unsupported by substantial evidence." *Port of Portland v. Dir., OWCP*, 932 F.2d 836, 838 (9th Cir.1991). The BRB affirmed the ALJ's order. We review decisions of the BRB "for errors of law and adherence to the substantial evidence standard." *Id.*

■ The ALJ concluded that Hall–Buck/self–insured had met its burden of proving that Claimant suffered a second injury while working for MTC. Unfortunately, it is unclear what the ALJ found the second injury to be; the decision can be read to conclude that the second injury was any of three things: the reherniated disk that was repaired in the third (and again in the fourth) surgery; a worsened degree of nerve inflammation; or increased pain symptoms.

The BRB affirmed the ALJ's conclusion that Claimant had suffered a second injury based on the first of those possible readings.[1] If that was the ALJ's conclusion,

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. In its order, the BRB stated that the ALJ

then the BRB's holding is mistaken, because the ALJ found (and the record supports) that "it is impossible to discern" when Claimant reherniated his disk; that all that was clear was that the reherniation happened "sometime on or before December 29, 1997"; and that "Claimant's multiple disk reherniations would have occurred and did occur whether Claimant was active or not." We cannot say, however, that reherniation was the ALJ's theory of the second injury. Without a clarification of the ALJ's opinion, we are unable to determine whether the ALJ's and the BRB's ultimate conclusion is legally correct and supported by substantial evidence.

We therefore REVERSE and REMAND to the BRB with instructions to remand the case to the ALJ for clarification.

---

"determined after weighing the evidence in the record that, in all medical probability, claimant's *most recent herniation* occurred while he was employed with MTC." (Emphasis added.)

