**STEVEDORING SERVICES OF AMERICA, and Homeport Insurance Company, Petitioner,**

v.

**JONES OREGON STEVEDORING CO.;, Respondent,**

George Ahuna; Ocean Terminals; Saif Corporation, and Directors of, Office of Workers' Compensation Programs; U.S. Department of Labor, Real Parties in Interest.

No. 01–70369.
OWCP No. 14–120393.

United States Court of Appeals,
Ninth Circuit.

Submitted June 3, 2002.*

Decided June 5, 2002.

Before BRUNETTI, TROTT, and MCKEOWN, Circuit Judges.

MEMORANDUM **

On Petition for Review of an Order of the Office of Worker's Compensation Programs

Stevedoring Services of America (SSA) petitions for review of the Benefits Review Board's determination that SSA was liable for George Ahuna's temporary total disability resulting from injuries to his left and right knees during his course of employment as a longshoreman. We deny the petition.

In cases involving multiple injuries or cumulative trauma that result in compensable disability, liability for purposes of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–950, attaches to the employer for whom the claimant was working when the last injury "aggravated, accelerated or combined with claimant's prior injury, thus resulting in claimant's disability." *Found. Constructors, Inc. v. Dir. OWCP,* 950 F.2d 621, 623 (9th Cir.1991) (quoting *Kelaita v. Dir. OWCP,* 799 F.2d 1308, 1311 (9th Cir.1986)). Here,

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Ahuna suffered from a long-lasting injury to his left knee which he was told almost immediately after his last job with SSA would require a total joint replacement. Ahuna also injured his right knee while under SSA's employment. SSA concedes in its briefing that "[i]t is clear that Ahuna's disability results from the combination of his left and right knee impairments, as the ALJ found." Because SSA does not challenge the Board's finding that Ahuna suffered no further injuries or aggravation to either of his existing injuries after Ahuna's employment with SSA, we must conclude that SSA is the employer liable for Ahuna's disability compensation.

PETITION DENIED.

* Honorable Myron H. Bright, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.