## NATIONAL STEEL AND SHIPBUILD-ING COMPANY, Petitioner,

v.

## Richard AVANT, Southwest Marine, and Office of Workers Compensation Programs, U.S. Department of Labor, Respondents.

No. 04–72238.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 2006.

Decided May 31, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable George P. Schiavelli, United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Roy D. Axelrod, Esq., Law Offices of Roy Axelrod, Solana Beach, CA, for Petitioner.

Donald S. Shire, Esq., Associate Solicitor, Carol Dedeo, Associate Solicitor, Thomas Shepard, Michael Niss, Office of Workers' Compensation Programs, U.S. Dept. of Labor, Washington, DC, Eric Richardson, Longshore Division U.S. Department of Labor, Long Beach, CA, Michael Doran, Samuelsen, Coalwell & Gonzalez A Professional Corporation, San Pedro, CA, Jeffrey Winter, Esq., Dummit, Faber & Briegleb, San Diego, CA, for Respondents.

* The Honorable George P. Schiavelli, United States District Judge for the Central District of California, sitting by designation.

Before: FARRIS and THOMAS, Circuit Judges, and SCHIAVELLI,* District Judge.

MEMORANDUM **

National Steel and Shipbuilding Company ("NASSCO") petitions for review of a decision and order of the Labor Benefits Review Board ("Board") affirming the decision of an Administrative Law Judge ("ALJ") on a claim of Richard Avant ("Claimant") filed pursuant to the Longshore and Harbor Workers' Compensation Act ("LHWCA"). This Court has jurisdiction under 33 U.S.C. § 921(c), and we affirm the rulings of the Board and the ALJ.

It is undisputed that Claimant's right knee was injured in October 1995 while he was employed by NASSCO as a rigger trainee. Claimant was later employed by Southwest Marine, where he claims to have aggravated his knee injury. The issue below and on this appeal is which employer should be held liable for the costs associated with Claimant's disability.

Under the "last responsible employer" rule, the last employer to cause or enhance an employee's injury is liable for all compensation due as a result of the employee's disability. *Kelaita v. Dir., OWCP,* 799 F.2d 1308, 1311 (9th Cir.1986) (citations omitted). Thus, if an employee is injured, subsequent employers are not liable if a claimant's employment did not contribute to or enhance the pre-existing injury. "If the worker's ultimate disability is the result of the natural progression of the initial injury and would have occurred notwithstanding a subsequent injury, the employer of the worker on the date of the initial injury is the responsible employer." *Metro. Stevedore Co. v. Crescent Wharf &*

*Warehouse Co.,* 339 F.3d 1102, 1105 (9th Cir.2003). If, on the other hand, an injury at a later employer's site aggravates, accelerates or combines with the prior injury, the second employer is liable for the disability regardless of any causation by a former employer. *Id.*

The Board must accept the ALJ's findings if they are supported by substantial evidence. *Lockheed Shipbuilding v. Dir., OWCP,* 951 F.2d 1143, 1144–45 (9th Cir. 1991). We review the Board's determination for "errors of law and adherence to the substantial evidence standard, and may affirm on any basis contained in the record." *Brady–Hamilton Stevedore Co. v. Dir., OWCP,* 58 F.3d 419, 421 (9th Cir. 1995) (quotation omitted).

In this case, the ALJ found the injury suffered during Claimant's employment with NASSCO was the sole cause of Claimant's right knee disability. The ALJ's decision is supported by substantial evidence. Specifically, the testimony of Dr. Davidson and the medical reports of Claimant's treating physician, Dr. McSweeney, support this finding. While we note that Dr. McSweeney subsequently changed his opinions at trial, the ALJ provided a rational basis for crediting Dr. McSweeney's pretrial reports and rejecting his subsequent contrary testimony.

Thus, the Board properly found substantial evidence in the record for the ALJ's determination and was correct in imposing liability on NASSCO for Claimant's disability. Therefore, the Decision and Order of the Board is

**AFFIRMED**