**CONTAINER STEVEDORING COMPANY, Petitioner,**

v.

**STEVEDORING SERVICES OF AMERICA, Homeport Insurance Company; James Blue; Director, Office of Workers Compensation Programs, Respondents.**

**No. 06–72757.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 17, 2008.

Filed April 23, 2008.

Frank B. Hugg, Esq., Oakland, CA, for Petitioner.

Laura G. Bruyneel, Esq., Mullen & Filippi, Laura G. Bruyneel, Esq., Bruyneel and Leichtnam, San Francisco, CA, Pat-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

rick B. Streb, Esq., Weltin Law Office PC, Oakland, CA, Thomas Shepard, Benefit Review Board Clerk of the Benefit Review Board, Carol Dedeo, Associate Solicitor, Mark A. Reinhalter, Attorney Matthew T. Boyle, Esq., LABR—U.S. Department of Labor Office of the Solicitor, Washington, DC, Phillip Williams, U.S. Department of Labor District Director, San Francisco, CA, for Respondents.

Before: KOZINSKI, Chief Judge, WALLACE, and N.R. SMITH, Circuit Judges.

### MEMORANDUM *

There may be parts of the Benefits Review Board's (Board) April 17, 1998, decision that could be interpreted as a re-weighing of the evidence in violation of *Director, Office of Workers' Compensation v. Campbell Indus.,* 678 F.2d 836, 838 (9th Cir.1982) (subsequent history omitted). A fair reading of the Board opinion, with appropriate deference given to the Board, leads us to conclude that re-weighing did not occur.

We hold that the Board was correct in determining that the Administrative Law Judge (ALJ) did not adequately consider the aggravation standard. *See Kelaita v. Director, Office of Workers' Comp. Programs,* 799 F.2d 1308, 1311 (9th Cir.1986). The Board directed the ALJ to employ the appropriate legal standard and then to review the evidence under that standard. As stated by the Board, the remand was

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

"for reconsideration [by the ALJ] of the issue under the proper legal standards."

**PETITION DENIED.**