**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID L. TRACHSEL,<br>*Petitioner,*<br><br>v.<br><br>ROGERS TERMINAL & SHIPPING CORPORATION, and DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS,<br>*Respondents.* | No. 08-74397<br><br>Benefits Review Board Nos. 07-1003, 07-1003A.<br><br>ORDER AMENDING OPINION AND AMENDED OPINION |

Petition for Review of an Order
of the Benefits Review Board
United States Department of Labor

Argued and Submitted
October 7, 2009—Portland, Oregon

Filed December 30, 2009
Amended March 9, 2010

Before: Diarmuid F. O'Scannlain and N. Randy Smith,
Circuit Judges, and Ronald M. Whyte,* District Judge.

Opinion by Judge Whyte

---

*The Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, sitting by designation.

## COUNSEL

Charles Rabinowitz, Law Offices of Charles Rabinowitz, Portland, Oregon, for the petitioner.

Jay W. Beattie, Lindsay, Hart, Neil & Weigler, LLP, Portland, Oregon, for the respondent.

## ORDER

The Opinion filed on December 30, 2009, is amended as follows: on slip Opinion page 16888, delete the word <not> in the first sentence of the section with the title <CONCLU-SION>.

The panel has unanimously voted to deny the petition for rehearing en banc.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for rehearing en banc is therefore DENIED. No further petitions for rehearing will be accepted.

**OPINION**

WHYTE, District Judge:

David Trachsel ("Trachsel") petitions this court for review of the administrative law judge's ("ALJ") compensation award under the Longshore and Harbor Workers' Compensation Act ("LHWCA"). The LHWCA provides that Trachsel's average daily wage, on which compensation is based, should be calculated by dividing his total annual salary in the year preceding his injury by the number of days he was employed in that year. 33 U.S.C. § 910(a). The ALJ included unworked paid holidays in the number of days Trachsel was employed, which resulted in a lower award than Trachsel would have received had those days not been included. The Benefits Review Board ("BRB") affirmed and Trachsel petitions for review, arguing that the ALJ erred by including unworked paid holidays. We find no error and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case are not in dispute. Trachsel is a longshoreman in Portland, Oregon. On January 11, 2002, he was working with a gang on a ship loading grain when he slipped, fell backwards, and injured his shoulder. Trachsel had surgery and his arm was in a sling for six weeks before his doctor gave him a full release to return to work, effective October 19, 2002. Trachsel returned to work the following day.

In the 52 weeks preceding January 11, 2002, Trachsel earned a total of $63,644.08. During that period, he appeared at work on 223 days, was paid for fourteen holidays, and worked four of those holidays, leaving ten unworked paid holidays. The ALJ concluded "that holidays for which a claimant is paid but does not work should count as 'work days,' since Claimant received wages for an actual day off work." On that

basis, the ALJ calculated by the formula in section 910(a) that Trachsel's average weekly wage was $1,365.75.[1]

After a motion for reconsideration, both parties appealed to the BRB. The BRB affirmed the ALJ's conclusion that unworked paid holidays should be included in the number of days employed under section 910(a). Trachsel then petitioned this court for review.

## STANDARD OF REVIEW

We review legal decisions of the BRB for errors of law *de novo*. *Stevedoring Servs. of Am. v. Price*, 382 F.3d 878, 883 (9th Cir. 2004).

## ANALYSIS

Under the LHWCA, a disabled worker injured in the course of employment is compensated depending on the extent of his disability and his average weekly wage at the time of injury. 33 U.S.C. § 908(a)-(e). In section 910, the LHWCA sets forth three methods for calculating an employee's "average annual earnings," which is then divided by 52 to determine the average weekly wage. 33 U.S.C. § 910(a)-(c), (d)(1).

[1] 33 U.S.C. § 910(a) provides for the calculation of an employee's average annual earnings when the employee has worked in the employment at the time of injury "during substantially the whole of the year immediately preceding his injury." Under section 910(a), the average annual earnings for a five-day-per-week worker is "two hundred and sixty times the average daily wage or salary . . . which he shall have

---

[1]Trachsel's average weekly wage was calculated by taking his total wages during the 52 weeks before his injury, dividing the total by the number of days worked, multiplying the quotient by the average work days in a year and dividing that product by the number of weeks in a year. (($63,644.08 ÷ 233) 260) ÷ 52 = $1,365.75.

earned during the days when so employed." At issue in this case is whether paid but unworked holidays count as "days when so employed" under section 910(a).

In applying section 910(a), the ALJ must first determine the total income earned by the claimant in the 52 weeks before the injury, then divide that number by the number of "days when so employed." 33 U.S.C. § 910(a). The resulting quotient is then multiplied by either 300 or 260, depending on whether the worker is a six- or five-day worker. *Id.* That product is the worker's average yearly wage. *Id.* To find the average weekly wage, the average annual wage is divided by 52. 33 U.S.C. § 910(d)(1).

**[2]** Trachsel contends that "days when so employed" does not include days for which an employee is paid but does not work. Instead, he contends, only those days when the employee actually works should constitute days employed. Trachsel first argues that this court's decision in *Matulic v. Director, OWCP*, 154 F.3d 1052 (9th Cir. 1998), resolves the issue in his favor. In *Matulic*, we considered the circumstances under which it is "unfair or unreasonable" to calculate a claimant's average weekly wage in accordance with section 910(a) as opposed to section 910(c). *Id.* at 1056. Section 910(a) presumptively applies when calculating average weekly wages under the LHWCA. However, if sections 910(a) and (b) cannot "reasonably and fairly be applied," the ALJ looks to the "catch-all" provision of § 910(c). 33 U.S.C. § 910(c). It allows the ALJ to consider not only the claimant's previous earnings, but also earnings of employees in the same or similar class as the claimant and other employment by which the claimant may have generated income. *Id.*

Trachsel focuses on the following passage in *Matulic*:

> [W]e conclude, as a matter of law, that a worker's receipt in future years of disability benefits computed on the basis of 18% more days (including

> vacation, holiday, and sick days) than he *actually worked* in the measuring year is not sufficient basis to find the § 910(a) presumption rebutted. Our conclusion is supported by the humanitarian purposes of the LHWCA and by our mandate to construe broadly its provisions so as to favor claimants in the resolution of benefits cases.

154 F.3d at 1057 (emphasis added). According to Trachsel, the emphasized phrase "actually worked" supports his contention that only days actually worked, as opposed to days for which an employee is paid, should constitute days employed under section 910(a). But the critical issue in *Matulic* was when section 910(a) should be applied, not what days constitute "days when so employed." *Matulic'*s use, in passing, of the phrase "actually worked" thus sheds little light on the present question.

The BRB found the Fifth Circuit's reasoning in *Ingalls Shipbuilding, Inc. v. Wooley*, 204 F.3d 616, 618 (5th Cir. 2000), persuasive. *Wooley* considered whether vacation days constitute days employed under section 910(a). In *Wooley*, the employer had a policy of allowing workers to either take vacation days or sell them back to the employer. *Id.* When days were "sold back," the employee would receive the vacation pay as a lump sum. *Id.* The Fifth Circuit concluded that the ALJ should be charged with making findings as to whether particular vacation payments constitute a "day worked" or as "additional compensation to be added to [the worker's] annual wage." *Id.* That is, where compensation represents a day worked, it constitutes a "day so employed" under section 910(a). Additional compensation and benefits not tied to a particular date, however, are not counted as a day employed. This distinction, wrote the court in *Wooley*, serves section 910(a)'s goal of a "theoretical approximation of what a claimant could ideally have been expected to earn in the year prior to his injury." *Id.* (internal quotation marks and citation omitted). That approximation includes what the

claimant would have earned had he worked every available work day in the year.

**[3]** Although *Wooley* concerned vacation pay instead of holidays, it is closely analogous to this case. In *Wooley*, vacation days could be sold back and taken in a lump-sum payment, or alternatively could be used to receive pay on a particular day that the employee chose not to work. Such vacation days taken as a lump sum payment, in the words of the ALJ in this case, "[do] not replace any actual work days." But the unworked vacation days should be included to serve section 910(a)'s goal of a "theoretical approximation of what a claimant could ideally have been expected to earn in the year prior to his injury." *Wooley*, 204 F.3d at 618. Similarly, when an employee does not work and is paid for a particular holiday, the holiday must be included to approximate what Trachsel could theoretically have been expected to earn. *Id.*

**[4]** Following *Wooley*, we conclude that a day should be included as a "day [ ] . . . so employed" under section 910(a) if the employee is paid for that day as if he actually worked it. The BRB correctly adopted this rule. And the ALJ properly applied it, concluding that Trachsel's unworked paid holidays counted as "work days" and should be counted as days employed. Additionally, for those days where Trachsel received vacation pay and also worked, the ALJ correctly counted them only once.

Trachsel's proposed method of calculation is also inappropriate in this case because it is inconsistent with how Trachsel's post-injury wage earning capacity was determined. Under 33 U.S.C. § 908(c)(21), an employee is compensated for partial disability according to the difference between his pre- and post-injury wage earning capacity. Initially, the ALJ did not include unworked paid holidays as days worked in calculating Trachsel's post-injury earning capacity. But the ALJ did include unworked paid holidays in the pre-injury calculation. On reconsideration of the ALJ's order, Trachsel

pointed out that the two results were inconsistent and argued that paid holidays should be included in the post-injury calculation to be consistent with the ALJ's pre-injury ruling. The ALJ agreed, and included non-worked holidays in the divisor when calculating Trachsel's post-injury wage earning capacity. Trachsel has sought review in this court of the pre-injury ruling, but not the post-injury ruling. In other words, he now seeks to create the exact inconsistency he encouraged the ALJ to avoid.

## CONCLUSION

The ALJ correctly concluded that unworked paid holidays are "days when so employed" under 33 U.S.C. § 910(a). His Decision and Order and Supplemental Order are

**AFFIRMED**.