**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMERICAN MARINE CORPORATION; COMMERCE & INDUSTRY/CHARTIS INSURANCE, Carrier & Employer, | No. 09-73328 |
| Petitioners, | BRB No. 08-0840 |
| v. | MEMORANDUM* |
| DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS; UNITED STATES DEPARTMENT OF LABOR; MATTHEW A. BOWES, | |
| Respondents. | |

On Petition for Review of an Order of the
Benefits Review Board

Argued and Submitted December 7, 2010
San Francisco, California

Before: COWEN,** TASHIMA, and SILVERMAN, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Robert E. Cowen, Senior United States Circuit Judge, sitting by designation.

American Marine Corporation ("American Marine") petitions for review of a decision of the Benefits Review Board ("BRB") awarding benefits under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901-950 ("LHWCA"), to Respondent Matthew Bowes ("Bowes"), who was injured in the course of his employment as a diver for American Marine. For the reasons set forth below, we deny the petition.

1. As an initial matter, Bowes argues that we do not have jurisdiction to hear the petition because the insurance carrier for American Marine named below has not petitioned for review and, by virtue of its insurance coverage, American Marine does not have independent standing to contest the BRB's ruling. We disagree. Under the LHWCA, "[a]ny person adversely affected or aggrieved by a final order of the [BRB] may obtain a review of that order in the United States court of appeals for the circuit in which the injury occurred . . . ."[1] 33 U.S.C. § 921(c). The LHWCA provides that "[e]very employer shall be liable for . . . the payment to his employees of the compensation payable [under certain sections of the LHWCA for medical treatment, disability, and death]. 33 U.S.C. § 904(a). Because American Marine is liable to Bowes under the LHWCA and participated in the proceedings before both the ALJ and the BRB, it is a "person adversely

---

[1] The pertinent events, including Bowes' injury, occurred in Hawaii.

2

affected or aggrieved" by the BRB's order.  We thus have jurisdiction over this petition pursuant to § 921(c) of the LHWCA.

**2.**     On the merits, American Marine argues that Bowes, as a commercial diver, is a "member of a crew of [a] vessel" not covered by the LHWCA.  33 U.S.C. § 902(3)(G).  "We review legal decisions of the BRB for errors of law <u>de novo</u>." <u>Trachsel v. Rogers Terminal & Shipping Corp.</u>, 597 F.3d 947, 949 (9th Cir. 2010).  "The BRB must accept the ALJ's findings 'unless they are contrary to the law, irrational, or unsupported by substantial evidence.'  We, in turn, review the BRB for 'errors of law and for adherence to the statutory standard governing the [BRB]'s review.'" <u>Haw. Stevedores, Inc. v. Ogawa</u>, 608 F.3d 642, 648 (9th Cir. 2010) (alteration in the original) (citations omitted).

We are guided by the test established by the Supreme Court in <u>Chandris, Inc. v. Latsis</u>, 515 U.S. 347 (1995), in determining whether Bowes is covered under the LHWCA.  This test requires that, to be exempt from the LHWCA's coverage under § 902(3)(G), a maritime worker  "have a connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of both its duration and its nature." <u>Id.</u> at 368.  Regarding the duration requirement, the Court noted a "rule of thumb for the ordinary case: A worker who spends less than about 30 percent of his time in the service of a vessel in navigation should not qualify" as

3

a member of a vessel's crew for purposes of the LHWCA. Id. at 371. No reason has been advanced why the Chandris rule of thumb should not be applied in this case. Here, applying the Chandris test, the ALJ determined that Bowes spent less than 30 percent of his time in the service of a vessel (or an identifiable group of vessels) in navigation. "'[I]f reasonable persons, applying the proper legal standard, could differ as to whether the employee was a "member of a crew," it is a question for the [finder of fact].'" Id. at 369 (quoting McDermott Int'l, Inc. v. Wilander, 498 U.S. 337, 356 (1991)). Consequently, the determination of what duties should be counted as "in the service of a vessel in navigation" for purposes of applying the 30 percent rule of thumb is a factual question for the ALJ. Here, the ALJ's findings are supported by substantial evidence. Accordingly, the petition for review is

   **DENIED.**