
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEEWARD MARINE, INC.; HAWAI'I EMPLOYERS' MUTUAL INSURANCE CO., | No.    16-72242 |
| | BRB No. 15-0276 |
| Petitioners, | |
| v. | MEMORANDUM[*] |
| DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAM; WILLIAM B. KEALOHA, | |
| Respondents. | |

On Petition for Review of an Order of the
Benefits Review Board

Submitted August 4, 2017[**]
San Francisco, California

Before:  THOMAS, Chief Judge, and REINHARDT and PAEZ, Circuit Judges.

Leeward Marine, Inc. and Hawai'i Employers Mutual Insurance Co.

(collectively "Leeward") petition for review of the Benefits Review Board's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

decision affirming the administrative law judge's ("ALJ") award of benefits to William Kealoha under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 *et seq.* ("Longshore Act"). We have jurisdiction under 33 U.S.C. § 921(c), and we deny the petition for review. Because the parties are familiar with the facts and extensive procedural history of this case, we need not recount them here.

"The Board must accept the ALJ's findings of fact if they are supported by 'substantial evidence.'" *Stevedoring Servs. of Am. v. Price*, 382 F.3d 878, 883 (9th Cir. 2004) (citing 33 U.S.C. § 921(b)(3); *Container Stevedoring Co. v. Dir., Office of Workers Comp. Programs*, 935 F.2d 1544, 1546 (9th Cir. 1991)). "We conduct an independent review of the administrative record to determine if the Board adhered to this standard." *Id.* (citing *Bumble Bee Seafoods v. Dir., Office of Workers Comp. Programs*, 629 F.2d 1327, 1329 (9th Cir.1980)). We review legal conclusions of the Board de novo. *Trachsel v. Rogers Terminal & Shipping Corp.*, 597 F.3d 947, 949 (9th Cir. 2010) (citing *Stevedoring*, 382 F.3d at 883). "We respect the Board's interpretation, however, if it 'is reasonable and reflects the underlying policy of the statute.'" *Stevedoring*, 382 F.3d at 883 (quoting *Kelaita v. Director, Office of Workers Comp. Programs*, 799 F.2d 1308, 1310 (9th Cir. 1986)).

The Board did not err when it affirmed the ALJ's decision on remand to award benefits to Kealoha. Section 3(c) of the Longshore Act precludes compensation "if the injury was occasioned solely by the intoxication of the employee or by the willful intention of the employee to injure or kill himself or another." 33 U.S.C. § 903(c). The first time this claim came before us, we held "that a suicide or injuries from a suicide attempt are compensable under the Longshore Act when there is a direct and unbroken chain of causation between a compensable work-related injury and the suicide attempt." *Kealoha v. Dir., Office of Workers Comp. Programs*, 713 F.3d 521, 524–25 (9th Cir. 2013).

Contrary to Leeward's argument, we did not "specifically narrow[] the 'chain of causation test.'" Instead, on remand the ALJ was entitled to rely on general tort principles. The ALJ did not err by relying on the aggravation rule to find that Kealoha had established that the accident was a causative factor in his attempted suicide and that a direct and unbroken causal chain was shown. *See Soileau v. Travelers Ins. Co.*, 198 So.2d 543, 545 (3d Cir. 1967) (stating that, pursuant to the aggravation rule, a claimant may receive compensation "if [an] injury causes, precipitates or aggravates the insanity or mental derangement, which in turn causes a suicide"); *see also*, *Brooks v. Indus. Com.*, 399 N.E.2d 603 (Ill.

1979) (quotation omitted) (stating claimant's preexisting condition did not break the causal connection since "the law is clear that the aggravation or acceleration of a preexisting disease is an injury which is compensable under the statute, if caused by some accident occurring in the course of employment").

## II

Substantial evidence supports the ALJ's finding that the accident exacerbated Kealoha's already weak impulse control and led, in part, to his attempted suicide. Kealoha offered the testimony of an expert psychiatrist, Dr. David Roth, who diagnosed Kealoha with, inter alia, major depressive disorder due to multiple traumas and chronic pain, post-traumatic stress disorder, and a cognitive disorder. Dr. Roth opined that chronic pain from the fall and stress from the resulting litigation caused Kealoha to become increasingly depressed, angry, and anxious, and worsened his already poor impulse control such that he attempted suicide. Leeward's retained expert, Dr. George Bussey, acknowledged that the stress caused by Kealoha's upcoming deposition was "a contributing factor" to the

stress Kealoha was experiencing at the time of his suicide attempt.[1] Dr. Bussey noted that additional stressors after Kealoha's accident would have further decreased his ability to handle the stress.

Moreover, Kealoha testified that, after the accident, he felt sad all the time and had decreased interest in his usual activities. He also testified that, after the accident, he fought more with his wife, his alcohol and marijuana use increased, and he experienced ongoing knee pain. Kealoha's wife testified that his temper problems were worse after the accident and that Kealoha experienced nightmares as his deposition approached. She testified that she thought Kealoha used alcohol and marijuana to provide relief from his knee pain. Though many stressors in Kealoha's life were not related to the accident, substantial evidence supports the finding that the accident-related stressors were a cause of his attempted suicide.

---

[1] Leeward argues that the ALJ erred by relying on litigation-induced stress as a basis for finding Kealoha's attempted suicide related to his employment because stress from litigation is not compensable. Even if we were to find that Kealoha's litigation-induced stress was a non-compensable component of damages, the fact that non-compensable stress may have affected Kealoha's psychological state does not preclude an award of benefits, so long as a job-related incident meaningfully contributed to the attempted suicide. *See* MARK A. ROTHSTEIN ET AL., EMPLOYMENT LAW Vol. II § 7.23 at 298 (West, 4th ed. 2009).

## III

Because the ALJ did not err in its causation finding and substantial evidence supported her decision, the Board did not err by affirming the decision to award benefits. Leeward argues that the presumption under 33 U.S.C. § 920(a) that a claim for compensation falls within the provisions of the Longshore Act does not apply here, and that even if the presumption applied, Kealoha did not meet his burden of establishing a compensable injury. Even if we assume without deciding that the presumption does not apply, Kealoha showed that the "injury and its consequences directly resulted in [his] loss of normal judgment and domination by a disturbance of the mind, causing the suicide." *Kealoha*, 713 F.3d at 524. Recovery under the Longshore Act is therefore appropriate. Each party shall bear its own costs on appeal.

**PETITION DENIED.**